United States District Court
Southern District of Texas
**ENTERED**
October 23, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QIUYAN ZHU, | § | CIVIL ACTION NO |
| Petitioner, | § | 4:25-cv-04840 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| PAMELA BONDI, *et al*, | § | |
| Respondents. | § | |

## ORDER

Petitioner Qiuyan Zhu filed a petition for writ of *habeas corpus* on October 9, 2025. Dkt 1. She is a citizen of China who has resided in the United States since 2001. Id at ¶6. Petitioner was ordered removed to China in 2002 but was never removed. Id at ¶14. On March 26, 2025, she was taken into detention by ICE, where she remains. Id at ¶26.

Petitioner asserts that because of historic refusal by China to issue travel documents for individuals in her situation, no significant likelihood exists that she'll be removed to China in the reasonably foreseeable future. Id at ¶¶27–28. She thus argues that her detention is unlawful under 8 USC §1231, the Due Process Clause of the Fifth Amendment as interpreted in *Zadvydas v Davis*, 533 US 678 (2001), and 8 CFR §241.4. Dkt 1 at ¶¶29–63.

No motion for a temporary restraining order or other emergency relief is pending. But the petition itself appears to request immediate release of Petitioner. See id at 18, ¶A.

Immediate release isn't warranted with entry of this Order. Petitioner simply hasn't provided sufficient evidence to warrant release before Respondents are given notice and the opportunity to respond. Nor has she met the requirements of Rule 65(b)(1) of the Federal Rules of Civil

Procedure, which are mandatory prior to issuance of *ex parte* injunctive relief.

Although not requested in the prayer for relief, the caption of the petition itself requests issuance of a show-cause order. Petitioner is entitled to such order.

Respondents are thus ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by October 28, 2025, absent extension.

It doesn't appear that counsel for Respondents have yet been served or appeared. Counsel for Petitioner is thus ORDERED to provide immediate service of this Order by email directed to the counsel for Government with whom he has been in communication about this matter. Such service doesn't substitute for the requirements of formal service but is instead intended only to provide the Government notice and an opportunity to be heard at this initial juncture.

This matter is SET for hearing to address the show cause order for October 31, 2025, at 3:30 pm.

The parties may jointly request brief resetting, if necessary and agreed.

SO ORDERED.

Signed on October 23, 2025, at Houston, Texas.

_____
Hon Charles Eskridge
United States District Judge